IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK WALKER and LINDA WALKER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN SERVICING COMPANY,<br><br>　　　　Defendant.<br>_____/ | No. C 07-2052 PJH<br><br>**ORDER TO SHOW CAUSE AND DENYING MOTION FOR PERMANENT INJUNCTION OR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE** |

　　　On April 11, 2007, plaintiff Frank Walker filed, in lieu of a complaint, a Motion for Extension of Time to Foreclosure [sic] which instituted this action. In his complaint, plaintiff alleges merely that he was misled into a financial trap by defendant's alleged failure to fully disclose the expenses involved in a complicated re-finance procedure process. On June 21, 2007, plaintiff filed an amended motion for extension of time to foreclosure alleging the same, and adding his wife as a plaintiff. Federal courts stand under a duty to raise and decide issues of subject matter jurisdiction at any time it appears subject matter jurisdiction may be lacking. Rule 12, Federal Rules of Civil Procedure ("FRCP"); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Rule 12(h)(3), FRCP.

　　　These allegations, without more, do not state a federal cause of action. It is unclear how an action concerning a real estate foreclosure is governed by federal law. Nor does plaintiff allege any facts concerning the residence of the parties or the amount in controversy that would give rise to diversity jurisdiction. Plaintiff accordingly has not alleged any basis to support federal jurisdiction over this action. THE COURT hereby issues an

ORDER TO SHOW CAUSE why plaintiff's claims should not be dismissed for lack of subject matter jurisdiction. If plaintiff fails to file a written response to this order to show cause by July 30, 2007, the case shall be dismissed.

In addition, plaintiff filed a Motion for Permanent Injunction or Preliminary Injunction or Temporary Restraining Order on June 26, 2007. The Court hereby DENIES plaintiff's Motion WITHOUT PREJUDICE. As stated above, it is unclear whether the court has jurisdiction to entertain the motion. Plaintiff also has not demonstrated that he has complied with FRCP 65, which requires that he give notice to the adverse party of his motion for preliminary injunction. Plaintiff also must also serve defendant with a copy of his complaint. Plaintiff, however, may renew his motion if he alleges a basis for subject matter jurisdiction and complies with FRCP 65.

**IT IS SO ORDERED.**

Dated: June 27, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge